# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-233-FDW
# (3:14-cr-73-FDW-3)

| | |
|---|---|
| **REGINALD WILLIAM LINDSEY,** | )<br>) |
| **Petitioner,** | )<br>) |
| vs. | )     **ORDER**<br>) |
| **UNITED STATES OF AMERICA,** | )<br>) |
| **Respondent.** | )<br>) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), the Government's Response, (Doc. No. 5), Petitioner's "Motion for Consideration," (Doc. No. 11), Petitioner's Motion to Amend, (Doc. No. 6), Petitioner's Sealed letter to the Court, (Doc. No. 7), Petitioner's Motion for an Extension of Time, (Doc. No. 9), and Petitioner's Reply, (Doc. No. 10).

## I. BACKGROUND

Petitioner was indicted along with 10 co-defendants in a cocaine trafficking conspiracy. The charges pertaining to Petitioner are: Count (1), conspiracy to distribute and possess with intent to distribute five kilograms of cocaine; Count (2), conspiracy to distribute and possess with intent to distribute 280 grams of cocaine base; Count (3) conspiracy to commit money laundering; Counts (5), (6), (8), (9), possession with intent to distribute 28 grams of cocaine base, and aiding and abetting the same; Count (10), possession with intent to distribute 280 grams of cocaine base; and Count (11), possession with intent to distribute 500 grams of cocaine. (3:14-cr-73, Doc. No. 3).

1

Petitioner pled guilty to Count (2) in exchange for the Government's dismissal of the remaining eight counts. (3:14-cr-73, Doc. No. 142). Petitioner acknowledged in a written plea agreement the statutory maximum and minimum sentences and the fact that the sentence had not yet been determined. (3:14-cr-73, Doc. No. 142 at 1-2). Petitioner expressly agreed as part of the plea to waive his rights to be tried by a jury, to be assisted by an attorney at trial, to confront and cross-examine witnesses, and not to be compelled to incriminate himself. (3:14-cr-73, Doc. No. 142 at 3-4). He acknowledge that he "had discussed with his attorney: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; [and] (2) whether there are any potential issues relevant to an appeal or post-conviction action…." (3:14-cr-73, Doc. No. 142 at 5). He agreed to waive all such rights to contest the conviction and sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. (3:14-cr-73, Doc. No. 142 at 5).

Petitioner appeared at a Rule 11 hearing, was sworn, and stated that he received a copy of the indictment and discussed it with counsel; he understood the charges against him including the sentencing consequences; he had spoken to counsel about how the U.S. Sentencing Guidelines might apply in his case; he may receive a sentence that is higher or lower than called for by the Guidelines; a sentence more severe than he expects does not give him the right to withdraw his plea; he has the right to plead not guilty and proceed to a speedy jury trial at which he can call and confront witnesses; he would be entitled to the assistance of a lawyer, would be presumed innocent, and would not be required to testify. (3:14-cr-73, Doc. No. 160 at 2). He agreed that he is, in fact guilty of the count in the indictment to which he was pleading guilty. (3:14-cr-73, Doc. No. 160 at 3). He also acknowledged the appeal waiver. (3:14-cr-73, Doc. No. 160 at 3). The plea was freely

and voluntarily entered and was not the product of promises, threats, intimidation, or force. (3:14-cr-73, Doc. No. 160 at 3). He was satisfied with counsel's services and stated he is "[d]oing a good job…." (3:14-cr-73, Doc. No. 160 at 3).

The Presentence Investigation Report ("PSR") calculated the base offense level as 32 because the amount of controlled substances in the offense is equivalent to 4,424.78 kilograms of marijuana. (PSR ¶ 32). Two levels were added for Petitioner's role as organizer, leader, manger, or supervisor in the criminal activity. (PSR ¶ 41). This resulted in an adjusted offense level of 34. However, Petitioner's offense level is 37 because he qualifies as a career offender pursuant to U.S. Sentencing Guidelines § 4B1.1(b)(1). (PSR ¶ 37). After three levels were deducted for acceptance of responsibility the total offense level was 34. (PSR ¶¶ 45-47). The PSR's criminal history section scored 13 criminal history points with a criminal history category of VI, and Petitioner qualifies as a career offender and as such his criminal history category is VI pursuant to U.S. Sentencing Guidelines§ 4B1.1(b). (PSR ¶¶ 13-14). The resulting guideline range was 262 to 327 months' imprisonment. (PSR ¶ 98). Neither party objected. The Government did, however, move for a downward departure. See (3:14-cr-73, Doc. No. 268) (sealed).

At the sentencing hearing, Petitioner confirmed that he answered all the questions at the Rule 11 hearing correctly and that he is, in fact, guilty of the offense to which he pled guilty. (3:14-cr-73, Doc. No. 317 at 2-4). The following then transpired:

> THE COURT: … Now, Mr. Lindsey, after you entered your plea of guilty, your case was referred to the United States Probation office for a presentence investigation report. I'm holding a copy of that report up. Have you received and read this report?
>
> THE DEFENDANT: Yes. Yes, sir.
>
> THE COURT: Do you understand it?
>
> THE DEFENDANT: Yes, sir.

> THE COURT: **Have you had an opportunity to go over the report with Mr. Exum?**
>
> THE DEFENDANT: **Yes, sir.**
>
> THE COURT: And has he answered any and all questions you have regarding this report?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Thank you.
>
> I believed there are no objections to the report; is that correct?
>
> MR. EXUM: That's correct, Your Honor.
>
> THE COURT: All right … In the instant case, before considering any motion of the Government, the guidelines provide for an offense level of 34, a criminal history category of VI, for a guideline sentencing range of 262 to 377 months.
>
> The parties agree those are the appropriate advisory guidelines before consideration of any motion?
>
> MR. WASHINGTON: Yes, Your Honor.
>
> MR. EXUM: Yes, sir, Your Honor….

(3:14-cr-73, Doc. No. 317 at 5) (emphasis added).

In arguing that the criminal history category over-represents Petitioner's record, defense counsel noted that Petitioner "was interested in [counsel] filing an objection particularly to the criminal history category" but counsel's feeling is that generally the criminal history category "is what it is…" and the Court stated "[r]ight." (3:14-cr-73, Doc. No. 317 at 9-10).

The Court sentenced Petitioner to 120 months' imprisonment pursuant to the Government's motion. (3:14-cr-73, Doc. No. 317 at 21); (3:14-cr-73, Doc. No. 273) (judgment docketed August 4, 2015). The Court then advised Petitioner of his appellate rights as follows:

> THE COURT: … NOW, Mr. Lindsey, in exchange for benefits you receive[d] for entering into the plea agreement with the United States, you have waived your right to contest your conviction and sentence on direct appeal or in a separate civil action sometimes referred to as a Section 2255 motion or a habeas corpus motion.

> However, you have preserved your right to appeal claims of ineffective assistance of counsel and claims of prosecutorial misconduct.
>
> Do you understand this limitations on your right of appeal?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, if you do choose to appeal, any notice of appeal must be filed within 14 calendar days from the date of a written judgment. The Court usually hands down the written judgment one to two weeks after this hearing. If you are unable to pay the cost of an appeal, you may apply for leave to appeal at no cost to you. If you so request, the Clerk of Court will prepare and file a notice of appeal on your behalf. The Court recommends that you talk to Mr. Exum about these appeal rights and procedures.
>
> Do you understand these appeal rights and procedures as the Court has stated them to you today?
>
> THE DEFENDANT: Yes, sir.

(3:14-cr-73, Doc. No. 317 at 22-23).

Retained counsel filed a Notice of Appeal on Petitioner's behalf on August 26, 2015, and requested that the Court to "[a]ppoint legal counsel to perfect and process his appeal as the defendant i[s] indigent and can no longer afford counsel…." (3:14-cr-73, Doc. No. 282). The Fourth Circuit filed a Fee Notice on August 26, 2015, informing Petitioner that he must pay the applicable filing fee or file a CJA 23 application within 15 days or the Court would initiate the procedure for dismissal for failure to prosecute. On September 17, 2015, the Court filed a Rule 45 Notice informing Petitioner that he must pay the filing fee or file a CJA 23 application within 15 days, and that counsel representing defendant in the district court has a continuing obligation to assist the defendant in perfecting an appeal by assisting with the completion and filing of the CJA 23 application, a copy of which was attached to the Order. The Court filed a Second Rule 45 Notice on November 18, 2018, providing the same information as the first notice, and further instructed him as follows:

> Mr. Lindsey,
>
> The attorney that represented you in the district court, Mr. Exum, is not handling your appeal before this court. You are entitled to have new counsel appointed for you, but you **must first complete and submit the enclosed CJA 23 application** in order to qualify. **If you do not submit the enclosed CJA 23 form or pay the filing fee by [12/03/2015], your appeal will be dismissed**.

(App. No. 15-4513, Doc. No. 5-1) (emphasis added).

The Fourth Circuit dismissed Petitioner's appeal for failure to prosecute on December 18, 2015.

Petitioner filed the instant § 2255 Motion to Vacate on November 10, 2016. (Doc. No. 1). He argues that counsel was ineffective for: (1) failing to review the PSR with him and file objections with regards to the erroneous assessment of criminal history points to two state convictions (PSR ¶¶ 54, 56); and (2) failing to consult with him about appealing the sentence or informing him that a notice of appeal had been filed. In the Motion to Amend, filed on September 1, 2017, Petitioner argues that a third prior conviction was erroneously assessed criminal history points on Claim (1) PSR ¶ 53). (Doc. No. 6).

## II.     SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by

counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong addresses whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

Strickland also applies in the context of appellate representation. Counsel must file a notice of appeal when instructed by his client to do so. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Even if a client does not expressly request an appeal, counsel must consult with the client about

an appeal when a rational defendant would want to appeal, or if the client expresses an interest in appealing. United States v. Cooper, 617 F.3d 307 (4th Cir. 2010). Dereliction of either of these duties constitutes deficient performance. See Flores-Ortega, 528 U.S. 477, 480; Cooper, 617 F.3d at 313. A defendant establishes prejudice by demonstrating a reasonable probability that he would have filed an appeal "but for" counsel's failure to file or consult. Flores-Ortega, 528 U.S. 484.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**(1) Ineffective Assistance: PSR**

Petitioner contends that counsel was ineffective for failing to review the PSR with him and file objections with regards to the erroneous assessment of criminal history points to several state convictions as reflected in PSR paragraphs 53, 54, and 56. He alleges that counsel did not come to the jail and discuss the PSR with him before the sentencing hearing and, had counsel done so, the criminal history score would have been lower.

This claim is conclusively refuted by the record. Petitioner stated at the sentencing hearing that he received a copy of the PSR, had the opportunity to discuss it with counsel, and that counsel answered all of his questions. (3:14-cr-73, Doc. No. 317 at 5). Further, counsel noted at the sentencing hearing that counsel was not pleased with some of the criminal history calculations and wanted counsel to object, but apparently counsel felt that an objection would not be fruitful. See

8

(3:14-cr-73, Doc. No. 317 at 5) (counsel stating the category "is what it is"). Counsel's statement acknowledging Petitioner's dissatisfaction with the criminal history calculation also undermines Petitioner's claim that counsel did not discuss the PSR's criminal history section with him prior to sentencing. Petitioner's present self-serving contentions that the alleged PSR errors were undiscovered until after the sentencing hearing are contradicted by the record and are rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'").

Further, counsel's decision not to object to the PSR's criminal history calculation was reasonable because Petitioner qualifies as a career offender and, therefore, the criminal history category is VI regardless of the alleged scoring errors. It follows that Petitioner cannot establish prejudice because, even if counsel had objected, the sentencing guideline range would have remained unchanged. Counsel cannot be deemed ineffective for failing to object to the PSR under these circumstances. See generally Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success").

**(2)** **Ineffective Assistance: Notice of Appeal**

Petitioner contends that counsel was ineffective for failing to consult with him about appealing the sentence or informing him that a notice of appeal had been filed. This failure to consult, even after counsel filed a notice of appeal, deprived Petitioner of the opportunity to appeal.

9

Petitioner became aware of the appeal when he received correspondence from the Fourth Circuit on November 18, 2015. A reasonable attorney would have filled out a CJA 23 form so that counsel would be appointed for the appeal. If counsel had not performed deficiently, Petitioner could have had the opportunity to discover the prior erroneous sentences in the PSR and raise the issue before the appellate court. Petitioner admits that he never asked counsel to file a notice of appeal but that counsel did so anyway. He nevertheless complains that counsel should have, and failed to, consult with him about appealing.

This claim fails because Petitioner cannot establish prejudice. Assuming, *arguendo*, that counsel should have discussed appealing with Petitioner and failed to do so, Petitioner cannot show a reasonable probability that he would have appealed but for counsel's deficiency. Petitioner was informed that an appeal had been filed on his behalf, that the appointment of appellate counsel was available, and that his appeal would be dismissed unless he paid the filing fee or filled out a CJA 23 form that was provided with the Order. He failed to take any action whatsoever to procure counsel or continue his appeal. His demonstrated lack of interest in pursuing an appeal defeats his present claim that he would have appealed if only counsel had consulted with him.

## IV. PENDING MOTIONS

(1) <u>Motion for Consideration</u>

In Petitioner's Motion for Consideration of Rules Governing Section 2255 Proceedings Rule § 7 Expanding the Record, (Doc. No. 11), Petitioner asks the Court to consider his affidavit in support of the § 2255 Motion to Vacate and a Fourth Circuit Order. The Motion is granted and the Court has considered the two documents attached to the Motion.

(2) <u>Motion to Amend</u>

Petitioner filed a Motion to Amend on September 1, 2017, (Doc. No. 6), in which he seeks to raise additional argument in Claim (1) of his § 2255 Motion to Vacate. The Motion is granted and the Court has considered Petitioner's additional argument in support of his § 2255 Motion to Vacate.

(3)   Motion to Appoint Counsel

In a sealed letter, Petitioner has requested the appointment of counsel to assist him in the § 2255 proceedings. (Doc. No. 7).

In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Id.  There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B).

The Court finds that Petitioner has not shown that appointment of counsel is appropriate in this case.  Petitioner's letter is construed as a motion to appoint counsel, and is denied.

(4)   Extension of Time

Petitioner filed a Motion for an Extension of time to file a reply to the Government's response. (Doc. No. 9). Petitioner' has filed a Reply which has been accepted as timely. Accordingly, the Motion is denied as moot.

## V. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's § 2255 Motion to Vacate, grants his Motions for Consideration and to Amend, and denies the remaining Motions.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. Petitioner's Motion for Consideration, (Doc. No. 11), is **GRANTED**.

3. Petitioner's Motion to Amend, (Doc. No. 6), is **GRANTED**.

4. Petitioner's Sealed letter to the Court, (Doc. No. 7), is construed as a Motion for the appointment of counsel and is **DENIED**.

5. Petitioner's Motion for an Extension of Time, (Doc. No. 9), is **DENIED** as moot.

6. IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 26, 2018

Frank D. Whitney
Chief United States District Judge