UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00073-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| (3) REGINALD WILLIAM LINDSEY, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's pro se Motions for Compassionate Release and request for immediate home confinement under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 324, 328). For the reasons which follow, Defendant's Motions are DENIED.

I. **BACKGROUND**

On April 8, 2014, a grand jury in the Western District of North Carolina indicted the Defendant, along with several co-defendants, for conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. No. 3). On October 28, 2014, the Defendant pleaded guilty to Count Two pursuant to a written plea agreement. *See* Plea Agreement. (Doc. No. 142). As set forth in the Presentence Investigation Report ("PSR"), the Defendant conspired with others to distribute at least 1.644 kilograms of cocaine and at least 1.147 kilograms of crack cocaine. (Doc. No. 233 at 8).

The Defendant was a manager or supervisor in the drug trafficking organization. *Id.* The Defendant also supported the drug trafficking organization by laundering drug proceeds through financial transactions and purchases of homes, cars, and other items. *Id.* at 5. On July 27, 2015, the Defendant was convicted of conspiracy to distribute crack cocaine and sentenced by this Court to 120 months of imprisonment. (Doc. No. 273).

1

On May 6, 2020, while held in the custody of the Bureau of Prisons at Williamsburg FCI, the Defendant submitted an administrative request to the Warden for compassionate release based on concerns regarding the COVID-19 virus. On May 22, 2020, the Warden of FCI Williamsburg rejected the Defendant's request. On August 11, 2020, the Defendant filed one of the pro se Motions for Compassionate Release. (Doc. No. 324). On August 18, 2020, the Defendant filed the second pro se Motion for Compassionate Release. (Doc. No. 328).

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In the Motions, the Defendant requests a reduction in sentence or, alternatively, home confinement, based on the general threat posed by COVID-19. (Doc. No. 324, 328). However, the Defendant does not allege that he suffers from any specific medical conditions or ailments. Id.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may *not* modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the

community, as provided under section 3142(g)…[1]

18 U.S.C. § 3582(c)(1)(A).

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>   (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>   (ii) The defendant is –
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

to describe what should be considered extraordinary and compelling reasons for sentence reduction).

The Defendant does not qualify for relief based on the extraordinary or compelling circumstances under subsection (i)-(ii).  The Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" to support his Motion pursuant to § 3582(c)(1)(A)(i).  The Defendant has not alleged any medical conditions which may merit consideration under the statute.  Nor does the Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement.  The general threat of exposure to COVID-19 alone and fear of contracting the virus, which appears to be Defendant's sole basis for relief, is not sufficient to qualify for the request relief under the statute. (Doc. No. 324, p. 20).

Additionally, the Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A).  These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense, (B) to afford adequate deterrence, (C) to protect the public from further crimes committed by the defendant, and (D) to provide the defendant with educational or vocational training, medical care, or other treatment; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant prior to granting compassionate release. See 18 U.S.C. § 3582(c)(1). Defendant committed a serious drug offense by conspiring to distribute at least 1.644 kilograms of cocaine and at least 1.147 kilograms of crack cocaine. (Doc. No. 233, p. 8). The Defendant was not just a participant of this major drug trafficking conspiracy, he was a leader. Additionally, the Defendant has a troubling criminal history including prior convictions for drug trafficking, assault with a deadly weapon, and shooting into an occupied dwelling. The Court recognizes the seriousness of Defendant's offense, the necessity to provide just punishment, and Defendant's persistence of drug dealing. The Court must protect the public from the possible danger of Defendant's continued narcotics behaviors, when deciding whether to reduce the sentencing, thereby promoting specific deterrence. Thus, Defendant's release is not warranted under the relevant § 3553(a) factors due to his potential danger to the public.

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted a sentence reduction, and therefore, his Motions for Compassionate Release (Doc. No. 324, 328) is denied.

### III.  DEFENDANT'S REQUEST FOR HOME CONFINEMENT

To the extent Defendant requests the Court release him to home confinement, the Court does not have authority to direct the BOP to do so. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1,

Case 3:14-cr-00073-FDW   Document 334   Filed 09/23/20   Page 5 of 6

2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. <u>United States v. Voda</u>, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motions to reduce sentence and request seeking release to home confinement (Doc. No. 324, 328) are DENIED.

IT IS SO ORDERED.

Signed: September 23, 2020

Frank D. Whitney
United States District Judge